United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

GREEN TREE SERVICING LLC
Appellant,

v.

JACQUELINE N. GIUSTO,
Appellee.

Case No. 15-cv-02105-HSG

**ORDER REVERSING BANKRUPTCY COURT'S AWARD OF ATTORNEYS' FEES AND COSTS**

Creditor-Appellant Ditech Financial LLC's ("Appellant")[1] appeals the bankruptcy court's order granting Debtor-Appellee Jacqueline Giusto's ("Appellee") motion for attorneys' fees and costs. Dkt. No. 7 ("OB"). Appellee's motion was filed in the wake of Appellant's unsuccessful motion for relief from an automatic stay of debt collection under 11 U.S.C. § 362(d). Appellee filed an answering brief, Dkt. No. 9 ("AB"), and Appellant has filed a reply, Dkt. No. 9 ("RB").

Under Federal Rule of Civil Procedure 78(b) and Bankruptcy Local Rule 8019-1, the Court finds that this matter is suitable for decision without oral argument. For the reasons set forth below, the order of the bankruptcy court is **REVERSED**.

## I. BANKRUPTCY PROCEEDINGS

On October 21, 2013, Appellee filed a petition for bankruptcy under Chapter 13 of the United States Bankruptcy Code, 13 U.S.C. § 1321, *et seq.* Dkt. No. 4 ("ER"), Ex. 16 at 1.[2] In her petition, Appellee listed the real property located at 3971 Arbuckle Drive, San Jose, California as an asset. *Id.* Appellee had inherited the property, which was encumbered by a note ("Note") and deed of trust ("Deed") in favor of Bank of America, N.A. *Id.* at 2. Appellee stopped paying the debt after she filed for bankruptcy, as enforcement of the Note and Deed was automatically stayed

[1] This appeal was filed by Appellant's predecessor-in-interest, Green Tree Servicing, LLC.
[2] The underlying bankruptcy action is entitled *In re Giusto*, No. 13-55547 (Bankr. N.D. Cal.).

United States District Court
Northern District of California

under 11 U.S.C. § 362(a) upon initiation of the bankruptcy action. ER, Ex. 1 at 2-3.

On December 30, 2013, Appellant, acting under a limited power of attorney authorized by Bank of America, filed a motion for relief from the automatic stay under 11 U.S.C. § 362(d) to foreclose upon the Deed. ER, Ex. 1 at 3. Appellee opposed the motion on the grounds that Appellant had not shown it had standing to enforce the Note or Deed. ER, Ex. 2. The bankruptcy court agreed and ordered Appellant to file a declaration that established a colorable claim of standing. ER, Ex. 6. When Appellant failed to file a proper declaration, the Bankruptcy Court denied its motion without prejudice. ER, Ex. 7. Appellant did not attempt to refile the motion.

On November 3, 2015, Appellee moved for an award of attorneys' fees and costs incurred in connection with opposing Appellant's unsuccessful motion for relief from the automatic stay. ER, Ex. 8. Appellee contended it was entitled to an award on the grounds that the Note contained a provision entitling Bank of America to recoup its own fees and costs it incurred from any debt collection efforts that was made reciprocal by operation of California Civil Code § 1717.[3] *Id.* at 1-2. Appellant responded that § 1717 makes unilateral attorneys' fees provisions reciprocal only if the fees motion is brought "[i]n an action on the contract." ER, Ex. 9 at 3-4. Appellant argued that because a motion for relief from an automatic stay was not an action "on the contract," per *In re Johnson*, 756 F.2d 738 (9th Cir. 1985), a fees award was inappropriate. *Id.* Appellee replied that *In re Johnson*, while on all fours, was of "highly questionable" precedential value in light of the Supreme Court's decision in *Travelers Casualty & Surety Co. of America v. PG&E*, 549 U.S. 443 (2007). ER, Ex. 10 at 6-10. The Bankruptcy Court ordered supplemental briefing on the fees motion, asking in part how it could "get around" *In re Johnson*. ER, Ex. 13 at 2. Appellant maintained that *Travelers* had not overruled or abrogated *In re Johnson*, but only distinguished it from the case that it did overrule, *In re Fobian*, 951 F.2d 1149 (9th Cir. 1991). *Id.* Appellee did not discuss the issue. ER, Ex. 11.

In a lengthy, reasoned decision, the bankruptcy court held that *Travelers* had overruled *In*

---

[3] California Civil Code § 1717(a) provides that: "In any action on a contract, where the contract specifically provides that attorney's fees and costs, which are incurred to enforce that contract, shall be awarded either to one of the parties or to the prevailing party, then the party who is determined to be the party prevailing on the contract, whether he or she is the party specified in the contract or not, shall be entitled to reasonable attorney's fees in addition to other costs."

*re Johnson*. ER, Ex. 16 at 6-9. The court proceeded to consider afresh whether, under California law, a motion for relief from automatic stay in federal bankruptcy proceedings was an action "on the contract" that could trigger fees reciprocity under California Civil Code § 1717(a). *Id.* at 10-15. The court began by finding that California courts liberally apply § 1717(a) to any proceeding that "involves" a contract or is brought to "enforce" a contract provision. *Id.* at 10-14. Because the "only relationship" between the parties was "contractual," the court concluded that Appellant's motion to lift the stay was an action on the contract within the meaning of § 1717(a). *Id.* at 14-15. And the court held that even if *Travelers* did not overrule *In re Johnson*, the facts of this case were distinguishable because Appellee had opposed the motion on standing grounds. *Id.* at 15-16. The bankruptcy court then awarded Appellee its attorneys' fees and costs. *Id.* at 20-25.

Appellant filed a notice of appeal under 28 U.S.C. § 158(a) and its election for the appeal to be heard by a district court under 28 U.S.C. § 158(c)(1)(A). ER, Exs. 18-19.

## II. JURISDICTION

District courts have jurisdiction to hear appeals from the final orders of bankruptcy judges. 28 U.S.C. § 158(a). The Ninth Circuit has adopted a "pragmatic approach" for determining what constitutes a final order in a bankruptcy proceeding. *Eden Place, LLC v. Perl*, 811 F.3d 1120, 1125 (9th Cir. 2016). Bankruptcy orders are final and immediately appealable if they "finally dispose of discrete disputes within the larger case." *Id.* (quoting *Bullard v. Blue Hills Bank*, — U.S. —, 135 S. Ct. 1686, 1692 (2015)). An order finally disposes of a discrete dispute if it: (1) "resolves and seriously affects substantive rights" and (2) "finally determines the discrete issue to which it is addressed." *See id.* at 1126-27 (citation omitted).

Applying this framework, the Court finds that the bankruptcy court's order awarding attorneys' fees and costs in this case is final and immediately appealable because it substantively affected Appellant's rights in a discrete and final manner. No further proceedings can affect the total amount of this award regarding the motion to lift the stay. That fact likens this case to the one presented in *In re Yermakov*, 718 F.2d 1465, 1471 (9th Cir. 1983), in which the Ninth Circuit found the interim fees award to be final, and distinguishes it from *In re Four Seas Center, Ltd.*, 754 F.2d 1416, 1418-19 (9th Cir. 1985), in which the Ninth Circuit found the interim fees award

to be interlocutory because the total amount of the fees award was subject to potential revision. To the extent that this fees award is not final,[4] the Court exercises its discretion to grant leave to hear the interlocutory appeal under 28 U.S.C. § 158(a)(3). *See Perl*, 811 F.3d at 1131.

**III. STANDARD OF REVIEW**

District courts generally review a bankruptcy court's findings of fact for clear error and conclusions of law *de novo*. *Northbay Wellness Grp., Inc. v. Beyries*, 789 F.3d 956, 959 (9th Cir. 2015). But a bankruptcy court's award of attorneys' fees will not be disturbed unless it abused its discretion or erroneously applied the law. *Galam v. Carmel*, 249 F.3d 832, 836 (9th Cir. 2001).

**IV. DISCUSSION**

Although Appellant raises several issues on appeal, the Court need only decide whether the bankruptcy court erred as a matter of law by finding that the Supreme Court in *Travelers* overruled the Ninth Circuit's holding in *Johnson* that a motion for relief from automatic stay in a bankruptcy proceeding is not an action "on a contract" within the meaning of California Civil Code § 1717(a). The Court finds that *Johnson* remains good law and controls the instant dispute: Appellant's motion to lift the stay was not an action on the contract that triggered reciprocity under § 1717(a). Because there is no other basis to award attorneys' fees, Appellee is not entitled to an award. Explaining why this conclusion is correct requires the Court to discuss § 1717(a), *Johnson*, *Travelers*, and the bankruptcy court's finding that Appellants' motion to lift the stay was an action on a contract.

**A. California Civil Code § 1717(a)**

California Civil Code § 1717(a) provides that: "In any action on a contract, where the contract specifically provides that attorney's fees and costs, which are incurred to enforce that contract, shall be awarded either to one of the parties or to the prevailing party, then the party who is determined to be the party prevailing on the contract, whether he or she is the party specified in the contract or not, shall be entitled to reasonable attorney's fees in addition to other costs."

The California Supreme Court has explained the purpose and effect of § 1717 as follows:

"Many contracts include a provision requiring a contracting party to pay any

[4] The Ninth Circuit expressly left this question open in *In re Johnson*. 756 F.2d at 739, n.1.

> attorney fees that the other party incurs to enforce the contract or in litigation arising from the contract . . . The primary purpose of section 1717 is to ensure mutuality of remedy for attorney fee claims . . . [W]hen the contract provides the right to one party but not to the other . . . the effect of section 1717 is to allow recovery of attorney fees by whichever contracting party prevails, whether he or she is the party specified in the contract or not[.]"

*Santisas v. Goodin*, 17 Cal. 4th 599, 602, 610 (1998) (quotation marks and internal citations omitted). Whether a dispute triggers the reciprocity enabled by § 1717(a) is a function of whether the dispute is an action "on a contract." *See id.* at 615. This is often a highly contested issue.

**B. The Ninth Circuit's Decision in *In re Johnson***

In *In re Johnson*, the Ninth Circuit considered whether a motion to lift a bankruptcy stay under 11 U.S.C. § 362(d) was an action on a contract within the meaning of § 1717(a). In that case, the debtors ceased making payments owed on a promissory note governing the purchase of real property and filed a petition for bankruptcy under Chapter 11 of the United States Bankruptcy Code. 756 F.2d at 739. The creditors filed a motion for relief from the automatic stay in order to foreclose upon their deed of trust. *Id.* The debtors started making payments on the note shortly thereafter, but continued to oppose the motion. *Id.* The bankruptcy court denied the motion. *Id.* The debtors then moved for attorneys' fees incurred in opposing the motion on the grounds that the note contained a provision giving the creditors the right to recoup any attorneys' fees and costs they incurred in enforcing the note, entitling them to fees reciprocity under § 1717(a). *Id.* at 739-40. The bankruptcy court agreed and awarded the debtors fees as the prevailing party.

The creditors appealed the award to the district court, which reversed. The district court held that a request for relief from an automatic stay under 11 U.S.C. § 362(d) is not an action on a contract within the meaning of § 1717(a). *Id.* at 739-740. For that reason, the motion was based exclusively on a federal statute and there was no basis in federal law to award fees. *Id.* at 740.

The Ninth Circuit affirmed the district court. *Id.* at 741. The court framed the dispute as an issue of state law: "The question for determination here . . . is whether a motion for relief from an automatic stay pursuant to 11 U.S.C. § 362(d) is an 'action on a contract' to which California law should be applied." *Id.* at 740. Stating its conclusion up front, the court found "both case law and the nature of stay relief proceedings support the conclusion that stay relief proceedings are not

actions 'on a contract' to which California law should be applied." *Id.* From the outset, the clear basis for the Ninth Circuit's holding was its interpretation of whether § 1717(a) applied at all.

In support of its holding, the court first explained that a § 362(d) motion is not an action "on the contract" because the enforceability of the contract it not at issue. Instead, a bankruptcy court is asked only to resolve a question of federal bankruptcy law: "Stay litigation is limited to issues of the lack of adequate protection, the debtor's equity in the property, and the necessity of the property to an effective reorganization." *Id.* (citing 11 U.S.C. § 362(d)). Furthermore, the court implied that a § 362(d) motion is not even an "action" within the meaning of § 1717 because "[h]earings on relief from the automatic stay are [] handled in a summary fashion." *Id.* To that effect, the court stated: "The action seeking relief from the stay is not the assertion of a claim which would give rise to the right or obligation to assert a counterclaim." *Id.*

The Ninth Circuit then contrasted § 362(d) motions with proof-of-claim litigation under 11 U.S.C. § 502(b)(1), in which the validity of a creditor's debt claim is disputed by a debtor and is resolved by reference to state contract law. *Id*. at 740-41. The court explained that because proof-of-claim litigation involved "the validity of the claim [a]s determined under state law," those cases were actions on a contract within the meaning of § 1717(a). *Id.* at 741. While "[i]n an action 'on the contract,' state law [on fees] necessarily would [govern]," as in proof-of-claim litigation, "this was not an action 'on the contract.'" *Id.* For that reason, § 1717 did not apply. And because "[n]o federal statute provides for an allowance of attorneys' fees to debtors in circumstances such as this case," the Ninth Circuit explained that it was required to follow the "American Rule, under which attorney fees are not recoverable by the prevailing litigant." *Id.* (quotation marks omitted). As a result, the court affirmed the district court's order reversing the bankruptcy court's fees award.

**C. The Supreme Court's Subsequent Decision in *Travelers***

After the Ninth Circuit decided *In re Johnson*, the Supreme Court addressed a related but distinct issue in *Travelers.* In that case, a debtor filed a voluntary Chapter 11 bankruptcy petition, causing its surety to assert a claim to protect its interest in the bankruptcy proceedings. 549 U.S. at 446. In response, the debtor agreed to add language to its reorganization plan to protect the

surety, which the bankruptcy court approved. *Id.* The debtor then changed the language in a way that diminished the protection the surety had sought, which resulted in additional litigation. *Id.* The parties resolved that dispute by a stipulation entered by the bankruptcy court. *Id.* at 446-47.

The surety then filed an amended proof-of-claim for the attorneys' fees it had incurred litigating its initial claim. *Id.* at 447. The debtor objected to the amended proof of claim under 11 U.S.C. § 502(b)(1) on the grounds that a claimant cannot recover attorneys' fees incurred while litigating issues of bankruptcy law. *Id.* The bankruptcy court agreed, and the district court and the Ninth Circuit affirmed. *Id.* In support of their findings, each of these courts cited to "the *Fobian* rule" from a Ninth Circuit decision which provided that absent bad faith or harassment by the losing party, attorneys' fees cannot be awarded for litigating issues "peculiar to federal bankruptcy law." *Id.* (quoting *In re Fobian*, 951 F.2d 1149, 1153 (9th Cir. 1991)).

The Supreme Court granted certiorari to resolve a conflict among the circuits regarding the validity of the *Fobian* rule. *Id.* at 448. The court began by explaining that the American Rule—that "the prevailing litigant is ordinarily not entitled to collect a reasonable attorneys' fee from the loser"—generally governs federal proceedings. *Id.* (quoting *Alyeska Pipeline Serv. Co. v. Wilderness Soc'y*, 421 U.S. 240, 247 (1975)). But "[t]his default rule can, of course, be overcome by statute. It can also be overcome by an enforceable contract allocating attorney's fees." *Id.* (quotation marks and internal citations omitted). In bankruptcy proceedings, "it remains true that an enforceable contract allocating attorney's fees (*i.e.*, one that is enforceable under substantive, nonbankruptcy law) is allowable . . . except where the Bankruptcy Code provides otherwise." *Id.* Given that framework, the Supreme Court stated that "[t]his case requires us to consider whether the Bankruptcy Code disallows contract-based claims for attorney's fees based solely on the fact that the fees at issue were incurred litigation issues of bankruptcy law." *Id.* at 449.

The court explained that in proof-of-claim litigation, a bankruptcy court is required to determine whether a debt claim is "allowed" under § 502(a) of the Bankruptcy Code. *Id.* Those courts are required to allow a claim unless it falls within one of the nine enumerated exceptions set forth in § 502(b). *Id.* One reason to disallow a claim is that it is "unenforceable against the debtor . . . under any agreement or applicable law." *Id.* (quoting 11 U.S.C. § 502(b)(1)). "This provision

is most naturally understood to provide that, with limited exceptions, any defense to a claim that is available outside of the bankruptcy context is also available in bankruptcy." *Id.* at 450. This is because "when the Bankruptcy Code uses the word 'claim' . . . it is usually referring to a right to payment recognized under state law." *Id.* at 451. But the Ninth Circuit did not conclude that the surety's claim was unenforceable under contract or state law; it merely applied its own *Fobian* rule to deny the claim. *Id.* at 451-52. Accordingly, the court turned its attention to the origin of that rule in the Ninth Circuit to determine whether it had any proper basis in law.

The Supreme Court determined that the *Fobian* rule was not authorized by the Bankruptcy Code, but instead purported to originate from three of the Ninth Circuit's own decisions, including *Johnson*. *Id.* at 452. Upon review of those three cases, the court made the following observation: "[I]n none of those cases [including *Johnson*] did the court identify any basis for disallowing a contractual claim for attorney's fees incurred litigating issues of federal bankruptcy law. *Nor did the court have occasion to do so*; in each of those cases, the claim for attorney's fees failed *as a matter of state law*." *Id.* (emphasis added). In a footnote, the court summarized *Johnson*:

> "In *Johnson*, the debtor sought attorney's fees after the creditor unsuccessfully requested relief from the automatic stay . . . The debtor acknowledged that the contract between the parties entitled only the creditor to attorney's fees, but the debtor claimed that a California statute extended that entitlement to both parties. The court rejected that argument, noting that the statute applied only in the context of an 'action on a contract,' and concluding that a request for relief from an automatic stay could not be considered an action on a contract."

*Id.* at 452, n.3 (citing *Johnson* 756 F.2d at 741-42). The court proceeded to explicitly overrule the *Fobian* rule, finding that it had no basis in federal law. *Id.*

**D. *Travelers* Did Not Overrule or Otherwise Abrogate *Johnson***

The Supreme Court's treatment of *Johnson* in *Travelers* makes clear that the former was not overruled or abrogated by the latter. In *Travelers*, the court explicitly distinguished *Johnson* from *Fobian* by acknowledging that attorneys' fees were denied in *Johnson* because the request "failed as a matter of state law," not because the fees were incurred litigating an issue of federal law. *Travelers*, 549 U.S. at 452 & n.3. In doing so, the court never touched on *Johnson*'s holding that a motion to lift a bankruptcy stay under 11 U.S.C. § 362(d) was not an action on the contract

United States District Court
Northern District of California

within the meaning of California Civil Code § 1717(a). *Johnson* thus remains good law.

It is true *Johnson*'s holding that a § 362(d) motion is not "on a contract" relied in part on the finding that the motion concerns only federal bankruptcy law. But that does not mean that *Johnson* applied the *Fobian* rule. Instead, *Johnson* applied state law to determine whether fees were appropriate, while *Fobian* applied a federal common law rule that negated the effect of state law. *Johnson* explicitly presented the legal issue before it as "whether a motion for relief from an automatic stay pursuant to 11 U.S.C. § 362(d) is an 'action on a contract' to which California law should be applied." 756 F.2d at 740. It answered that question by stating that "case law and the nature of stay relief proceedings support the conclusion that stay relief proceedings are not actions 'on a contract' to which California law should be applied." *Id.* If *Johnson* had refused to consider the application of state law in the first instance, then this Court would agree that it was abrogated by *Travelers*. But as *Travelers* itself confirmed, *Johnson* did not so hold. 549 U.S. at 452 & n.3.

Perhaps most importantly, the Ninth Circuit itself has affirmed the validity of *Johnson* following the *Travelers* decision. In *Bos v. Board of Trustees*, 818 F.3d 486, 490 (9th Cir. 2016), the Ninth Circuit cited to *Johnson* to define the term "on a contract" for the purpose of a § 1717 analysis.[5] *See also In re Griffin*, 719 F.3d 1126, 1128 (9th Cir. 2013) (citing *Johnson* favorably without note). Under the principle of stare decisis, neither this Court nor the bankruptcy court has the authority to alter the Ninth Circuit's current interpretation of the status of *Johnson*. *See In re Watts*, 298 F.3d 1077, 1084 (9th Cir. 2002) ("This practice represents our confidence, as a court, that our three-judge panels are able to tell the difference between a Supreme Court ruling that rips one of our decisions from the Federal Reporter altogether and one that leaves at least a hanging chad behind. But it also represents our confidence that the Supreme Court stands ready to review and to reverse us when necessary (a proposition for which, I think, no citation is required).").

Accordingly, the Court holds that the bankruptcy court erred as a matter of law when it held that *Travelers* overruled any aspect of *Johnson*.

The Court can understand the basis for the bankruptcy court's conclusion that *Johnson* stood for a proposition identical to *Fobian*. Specifically, the bankruptcy court interpreted the

[5] The bankruptcy court did not have the benefit of *Bos* when it issued its ruling in April 2015.

United States District Court
Northern District of California

Ninth Circuit's statement in *Johnson* that "[a] bankruptcy court has authority to apply either state substantive law or federal substantive law [regarding attorneys' fees]," 756 F.3d at 741, to mean that the Ninth Circuit thought it could disregard state law where an issue was peculiarly federal. ER, Ex. 16 at 8-9. In the Court's view, however, the Ninth Circuit was merely pointing out that bankruptcy courts generally have the *power* to apply either federal or state law, but "the choice depends on the nature of the action involved." 756 F.3d at 741. In other words, whether the default American Rule on attorneys' fees applies in bankruptcy proceedings is determined by whether there is a contractual or statutory basis in federal or state law to supplant it. The bankruptcy court was also led astray by a decision of the California Court of Appeals, *Chinese Yellow Pages Co. v. Chinese Overseas Marketing Service Corp.*, 170 Cal. App. 4th 868, 887 (2009). That case ascribed the same holding to *Johnson* as *Fobian* did, but did not actually discuss *Johnson*. *See id.* This Court respectfully disagrees with *Chinese Yellow Pages* to the extent it held that *Travelers* overruled *Johnson*.

Finally, the Court must address the bankruptcy court's contention that even if *Johnson* remained good law after *Travelers*, the present case is distinguishable because Appellant's request for relief from the automatic stay in this case was opposed on standing grounds. *Id.* On that basis, the bankruptcy court found that the motion was converted into an action on the contract because it "challenged" the creditor's right to enforce the contract. *Id.* The Court disagrees. First, nothing in *Johnson* suggests that the nature of the opposition to a motion brought under 11 U.S.C. § 362(d) characterizes the nature of the action for the purpose of California Civil Code § 1717. In fact, *Johnson* held that the "summary fashion" of these proceedings precludes them from functioning as an action on a contract. 756 F.2d at 740. Second, Appellee did not challenge the enforceability of the contract: it argued that Appellant did not file a declaration adequate to show that it had prudential standing to move to lift the stay because it lacked possession of the Note. ER, Ex. 2 at 2-3. That challenge does not concern the enforceability of the Note itself.

///

///

///

United States District Court
Northern District of California

**V. CONCLUSION**

For the foregoing reasons, the bankruptcy court's order is **REVERSED**. The parties shall bear their own costs on appeal. The Clerk of the Court is instructed to close the file.

**IT IS SO ORDERED.**

Dated: June 20, 2016

HAYWOOD S. GILLIAM, JR.
United States District Judge